UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold Ford,<br><br>                        Plaintiff,<br><br>       -against-<br><br>WSP USA Inc.,<br><br>                        Defendant. | 19 Civ. 11705 (LGS)<br><br>STIPULATED PROTECTIVE ORDER |

       In order to preserve and maintain the confidentiality of certain materials to be produced and testimony to be given in this action, it is ordered that:

       1.     Documents, electronically stored information (including writings, drawings, charts, photographs, sound recordings, video recordings, images, and other data or data compilations), other tangible items produced in discovery,[1] and testimony in this litigation that contain confidential information shall hereafter be referred to as "Protected Materials."  The party producing Protected Materials shall hereafter be referred to as the "Designating Party."  Except as otherwise indicated below, documents, electronically stored information, other tangible items produced in discovery, and testimony designated "Confidential" or "Subject to Protective Order" that are produced or delivered to the parties and/or the parties' attorneys, consultants, agents, or experts in this action, shall be Protected Materials and given confidential treatment as described below.

       2.     For purposes of this protective order, Protected Materials include any document, electronically stored information, other tangible items produced in discovery, and testimony that the

---

[1] The parties intend to include any writing, recording, and photograph as defined by Federal Rule of Evidence 1001(a) through (c).

1

Designating Party believes in good faith to contain confidential or sensitive information as defined by Federal Rule of Civil Procedure 26(c)(1)(G), including trade secrets or other confidential research, development, or commercial information; protected health information; private employee information, such as personnel records, payroll data, and other similar materials containing sensitive and confidential employment or financial information; personal or other information that is protected by law; and information or evidence that must be designated as confidential to protect a party from annoyance, embarrassment, or oppression. Protected Materials do not include information generally available to the public.

3. For documents, electronically stored information, and other tangible items produced in discovery to be designated as Protected Materials, at the time of production, the Designating Party will designate each individual document by clearly stamping on each such document, "Confidential" or "Subject to Protective Order." Such stamping shall not obscure any written or printed information on the materials. In the event that material is produced in a format that is not capable of being stamped, the material should be clearly marked or identified "Confidential" or "Subject to Protective Order" on the media itself or within the file structure of electronically stored information. Such marking shall not otherwise alter the media, its file structure, or its contents.

4. Deposition testimony may also be designated as Protected Materials. The Designating Party must designate the protected testimony within thirty (30) days of service of the final transcript of the testimony to be designated. In designating such testimony, the Designating Party must specifically identify (by page and line) the discrete portion(s) of the testimony to be protected.

5. To the extent that Protected Materials or information contained therein is used in the taking of depositions, such Protected Materials or information shall remain subject to the provisions

of this protective order.

6. Prior to designating any material or testimony as subject to this protective order, the Designating Party must make a good faith determination that the material or testimony is subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), contains personal information that is protected by law, or is otherwise of the type of Protected Materials described in paragraph 2.

7. If any party disagrees with the designation of any material or testimony as being subject to this protective order, that party will so notify the Designating Party in writing. The parties may meet-and-confer to resolve any dispute. If the parties are unable to resolve their dispute, the Designating Party may, within fourteen (14) days of receipt of such notice, apply to the Court to determine whether the disputed materials are entitled to protection in accordance with the Federal Rules of Civil Procedure. If the Designating Party does not so move within the allowed time, then the disputed materials shall lose their status as Protected Materials automatically at the expiration of the allowed time. Until the Court rules on the application, the parties shall treat disputed materials as subject to this protective order.

8. Both the Protected Materials and the information contained therein shall be treated as confidential and shall be used solely for the purpose of preparation, trial, and appeal of this case. The Protected Materials and information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a) The parties to this action;

(b) Counsel of record for any party in this case, including other attorneys and supporting personnel in such counsel's law firm(s);

(c) Experts and consultants retained by a party for the preparation or trial of this case (including their employees, associates, and support staff), provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of the Designating Party;

(d) The Court and Court personnel (including special masters appointed by the Court);

(e) Mediators or special masters jointly retained by the parties;

(f) Any witness giving testimony in this case;

(g) A third party who is employed by a party for litigation support (such as document coding, image scanning, exhibit preparation, copying or management of discovery materials, court reporting services, translation services, mock trial, and/or jury profiling), but who is not the competitor of any party;

(h) Any other person to whom the Designating Party provides prior, written consent; and

(i) Such other persons as this Court may order after notice and an opportunity to be heard.

9. Unless the Designating Party agrees otherwise, persons receiving access to Protected Materials pursuant to subparagraphs 8(g) and (i) may view Protected Materials, but may not retain any copies.

10. Before giving access to any of the Protected Materials or the information contained therein, each person described in subparagraphs 8(c), (f), (g), and (i) above shall be advised of the

terms of this protective order, shall be given a copy of this protective order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court by signing a copy of the attached acknowledgment form (Exhibit A to this protective order). A copy of each executed acknowledgment form shall be retained by the counsel providing access to the Protected Materials.

11. Counsel for the party providing access to Protected Materials shall provide copies of the signed acknowledgment forms to the Court and the Designating Party upon request if there are specific questions about potential violations of, or compliance with, this protective order, except that, for an expert witness under subparagraph 8(c), the acknowledgment form shall not be provided in advance of the timeline set forth in paragraph 12 unless there are specific questions about potential violations of, or compliance with, this protective order by an expert witness. In such circumstance, the Designating Party may provide evidence of such violation to the party providing access to the Protected Materials and request that a copy of the corresponding acknowledgment form be produced in advance of the paragraph 13 timeline. Upon receiving such evidence, the party providing access to the Protected Materials shall produce the corresponding acknowledgment form unless the disclosing party has a good faith basis for refusing to do so, in which case either party may seek court intervention.

12. For an expert witness provided Protected Materials pursuant to subparagraph 8(c), the party or party's counsel retaining that expert witness and receiving a copy of the acknowledgment form shall provide each Designating Party a copy of the expert witness's completed and signed acknowledgment form upon request of the Designating Party either: (a) at the time of that person's expert designation or deposition, for an expert witness whose opinions may be presented at trial; or (b) at the conclusion of the above-captioned litigation, for an expert witness who is not expected to

be called as a witness at trial.

13.     Documents, electronically stored information, other tangible items produced in discovery, and testimony that would otherwise qualify as Protected Materials under this protective order, but which are unintentionally produced without being designated as subject to this protective order, may be designated as Protected Materials upon timely written notice by the Designating Party. After such written notice, the designated materials shall be treated as Protected Materials and subject to the provisions of this protective order, including challenge to Protected Materials status under paragraph 7.

14.     Protected Materials, when filed with the Court, shall be filed under seal in accordance with ~~applicable local rules and Court procedures~~ Judge Schofield's Individual Rules.  Protected Materials filed under seal in this manner shall be filed separately and contemporaneously as attachments to a motion for leave to file the materials under seal.  Prior to filing the Protected Materials, the party seeking to file shall make good faith efforts to obtain agreement from the other party.  When this procedure is invoked, the Protected Materials shall remain under seal until further order of the Court.

15.     This protective order shall not apply to the disclosure of Protected Materials or the information contained therein at the time of trial, through the receipt of Protected Materials into evidence, or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the application of any of the parties.

16.     Disclosure of Protected Materials other than in accordance with the terms of this protective order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate, including, without limitation, contempt, injunctive relief, and damages.

17. This protective order shall be binding upon the parties hereto, upon their counsel, and upon the parties' and their counsel's successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, and any persons or organizations over which they have control.

18. Not later than 120 days after conclusion of this case and any appeal related to it, all Protected Materials, all reproductions thereof, and any notes, summaries, or descriptions thereof in the possession of any of the persons specified in paragraph 8 (except subparagraph 8(d)) shall be returned to the Designating Party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any deposition, hearing, or trial. Notwithstanding this obligation to return or destroy information, counsel for the parties may retain attorney work product, including document indices, containing information from Protected Materials. All persons in receipt of Protected Materials are obligated to maintain the confidentiality of such materials and information in perpetuity. The Court shall retain jurisdiction over the parties to enforce the terms of this protective order.

So Ordered.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: June 25, 2020
       New York, New York

IT IS SO STIPULATED:

/s/ Dana M. Cimera
Dana M. Cimera
**FITAPELLI & SCHAFFER, LLP**
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (973) 699-4107
dcimera@fslawfirm.com

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7

Michael A. Josephson
Richard M. Schreiber
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:     713-352-1100
Facsimile:     713-352-3300
mjosephson@mybackwages.com
rschreiber@mybackwages.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:     (713) 877-8788
Facsimile      (713) 877-8065
rburch@brucknerburch.com

**Counsel for PLAINTIFF**

*/s/ Gregory W. Knopp*
Gregory W. Knopp
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067
Telephone:     310.229.1000
Facsimile:     310.229.1001
gknopp@akingump.com

Nathan J. Oleson, *admitted pro hac vice*
Joshua K. Sekoski, *admitted pro hac vice*
Zara Shore, *admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street N.W.
Washington, DC 20006
Telephone:     (202) 887-4000
Facsimile:     (202) 887-4288
noleson@akingump.com
jsekoski@akingump.com
zshore@akingump.com

**Counsel for Defendant**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold Ford,<br><br>      Plaintiff,<br><br>  -against-<br><br>WSP USA Inc.,<br><br>      Defendant. | 19 Civ. 11705 (LGS)<br><br><u>PROTECTIVE ORDER<br>ACKNOWLEDGMENT FORM<br>EXHIBIT A</u> |

  I, _____, do hereby acknowledge that I have received and read a copy of the attached protective order, and I agree to be bound by the terms of such order. I further agree to be subject to the jurisdiction of this Court including, but not limited to, its contempt powers.

  DATED this _____ day of _____, 20\_\_\_\_\_.

                    _____
                    (Signature)

                    _____
                    (Printed Name)