UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                      :

HAROLD FORD,                    :

                                  :

                      Plaintiff,   :          19 Civ. 11705 (LGS)

                                  :

            -against-           :        **OPINION AND ORDER**

                                  :

WSP USA, INC.,                    :

                                  :

                    Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Harold Ford asserts claims under the Fair Labor Standards Act ("FLSA") against

Defendant WSP USA, Inc. ("WSP"), on behalf of himself and all similarly situated health, safety

and environmental ("HSE") workers who elect to opt into this action.  The Complaint alleges

that WSP willfully violated the FLSA's overtime requirements, 29 U.S.C. § 207(a), by failing to

pay HSE workers an overtime premium of one and a half times their regular rate of pay for time

worked over forty hours in a work week.  Defendant moves for partial summary judgment as to

whether any violation of the FLSA was willful.  Plaintiff moves for conditional certification of a

collective pursuant to 29 U.S.C. § 216(b).  For the reasons stated below, WSP's motion for

partial summary judgment is denied and Plaintiff's motion for conditional certification of a

collective is granted in part.  As explained below, Plaintiff's proposed notices are approved in

part.

## I.      BACKGROUND

      Unless otherwise stated, the following facts are undisputed and drawn from the parties'

submissions on the motions.

WSP is a global engineering firm that serves oil and natural gas industry clients by designing and managing the construction or refurbishment of underground facilities for storage of liquid and gaseous hydrocarbons. WSP works with a number of subcontractors, including HSE companies, to perform this work. The parties dispute the frequency with which WSP engages HSE companies and the degree of control WSP exercises over HSE workers.

Quality Project Solutions Inc. ("QPS") is an HSE company that provides project staffing, consulting, recruiting and technical services to oil and natural gas industry clients. In September 2018, WSP engaged QPS to provide HSE personnel as needed. WSP and QPS signed a Master Service Agreement through which QPS agreed to work "as an independent contractor" and agreed to abide by, and warranted that its work would be performed in compliance with, "applicable laws, rules and regulations." WSP retained the right to require that QPS reassign its employees to non-WSP projects but did not have the authority to hire or fire QPS employees. QPS was free to provide HSE personnel to other customers.

Harold Ford is a highly trained and experienced HSE professional. In March 2019, QPS hired Ford. QPS forwarded Ford's resume to WSP and a WSP employee conducted a phone interview of Ford. Ford was then assigned to work on WSP projects for Atmos Energy Corporation (the "Atmos Project" or the "Project"). The parties dispute whether Ford was trained at the expense of WSP or QPS. While Ford was responsible for his own personal protective equipment, QPS supplied personal gas monitors and WSP provided Ford's living quarters, office supplies and cleaning supplies while he was on site.

Ford worked on the Atmos Project for at least two months, during which he sought to ensure that subcontractors on site complied with U.S. Occupational Safety and Health Administration regulations and implemented a project safety plan that WSP created. Ford

attended safety meetings and generally monitored the worksite for safety compliance.  At the end

of each day, he also emailed "field notes" to WSP and QPS to identify any "at-risk observations"

or "safe observations" and document the safety topics or issues encountered on the Project.  The

parties dispute whether WSP or QPS determined Ford's schedule.  The parties also dispute the

degree to which Ford interacted with WSP employees, apart from his daily email of field notes.

WSP paid QPS a flat rate of $600 for each day that Ford worked.  QPS initially paid Ford

$400 per day and later raised his pay to $420 per day.  WSP approved Ford's time and invoices.

The parties dispute whether, at the time Ford was compensated, WSP had knowledge that Ford

was paid at a day rate.  Ford did not complain to WSP about his pay prior to filing this lawsuit.

In May 2019, QPS fired Ford following a dispute about mileage reimbursement.  WSP

was not involved in the decision to discharge Ford.[1]

## II.    MOTION FOR PARTIAL SUMMARY JUDGMENT

### A.    Standard

Summary judgment is appropriate where the record establishes "that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  There is a genuine dispute of material fact "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986); *accord Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875

F.3d 107, 113 (2d Cir. 2017).  "Only disputes over facts that might affect the outcome of the suit

---

[1] Plaintiff disputes, but does not point to any evidence in the record to rebut, this fact.  Plaintiff's denial without more does not raise a genuine issue of fact.  *See Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("Conclusory allegations or denials therefore are not evidence and cannot by themselves create a genuine issue of material fact where non would otherwise exist.") (internal quotation marks omitted).

under the governing law will properly preclude the entry of summary judgment." *Liberty Lobby*, 477 U.S. at 248; *accord Saleem v. Corp. Transp. Grp.*, 854 F.3d 131, 148 (2d Cir. 2017).

In evaluating a motion for summary judgment, a court must "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences and resolv[e] all ambiguities in its favor." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164 (2d Cir. 2020) (internal quotation marks omitted). When the movant properly supports its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing to particular parts of materials in the record. *See* Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks omitted).

**B.  Discussion**

WSP's motion for a finding on summary judgment that it did not act willfully is denied, first, because such a finding is premature, and second, because disputed issues of fact exist that must be resolved by the trier of fact. The issue is important because a three-year, rather than two-year, statute of limitations applies to a defendant that willfully violates the FLSA. 29 U.S.C. § 255(a).

A finding of willfulness is premature here because it puts the cart before the horse; it has not even been determined that WSP violated the FLSA, much less what WSP's state of mind was when doing so, if it did so. Courts are often reluctant to resolve the issue of willfulness before determining whether a FLSA violation has occurred. *See, e.g.*, *Nell v. City of N.Y.*, No. 19 Civ. 6702, 2021 WL 2716523, at *9 (S.D.N.Y. July 1, 2021) (denying cross motions for summary judgment as to liability and declining to decide the issue of willfulness); *Adams v. City of N.Y.*,

No. 16 Civ. 3445, 2021 WL 1791182, at *11 (S.D.N.Y. May 5, 2021) (finding "no reason . . . to depart from the general reluctance of courts to resolve the question of willfulness on a motion for summary judgment") (internal quotation marks omitted); *Lawtone-Bowles v. City of N.Y.*, No. 16 Civ. 4240, 2020 WL 2833366, at *5 (S.D.N.Y. June 1, 2020) ("Because Plaintiffs' motion for summary judgment is denied on the underlying unpaid overtime violations, their motion for summary judgment on liquidated damages and willfulness is also denied.").  Whether a FLSA violation is "willful" is a "fact-intensive inquiry," *Maria v. El Mambi Rest. Corp.*, No. 20 Civ. 3707, 2021 WL 2337577, at *4 (S.D.N.Y. June 8, 2021), and "[c]ourts in this Circuit have generally left the question of willfulness to the trier of fact," *Lawtone-Bowles*, 2020 WL 2833366, at *5 (internal quotation marks omitted).

Even if the Court were to attempt to resolve the issue of willfulness now, disputes of material fact preclude summary judgment.  An employer willfully violates the FLSA when it either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *accord Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 324 (2d Cir. 2021).  Here, Plaintiff contends that he was jointly employed by WSP and QPS and that WSP, as a joint employer, recklessly disregarded the possibility it was violating the FLSA.  WSP contends that Plaintiff cannot show that WSP recklessly disregarded the law because Plaintiff cannot show that joint employment was so obvious that WSP must have been aware of it.

An individual may have multiple employers, each jointly liable for a violation of the FLSA.  *Keawsri v. Ramen-Ya Inc.*, No. 17 Civ. 2406, 2021 WL 3540671, at *6 (S.D.N.Y. Aug. 10, 2021).  A determination whether a joint employment relationship exists "should be grounded in economic reality" and based on "the totality of the circumstances."  *Barfield v. N.Y.C. Health*

& *Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008) (internal quotation marks omitted).

Relevant factors include "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment

records." *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018) (citing *Barfield*, 537 F.3d

at 142); *accord Keawsri*, 2021 WL 3540671, at *6.  Courts also look to "functional control"

factors including,

> (1) whether [the purported joint employer's] premises and equipment were used
> for plaintiff['s] work; (2) whether [the subcontractor that engaged the plaintiff]
> had a business that could or did shift as a unit from one putative joint employer to
> another; (3) the extent to which the plaintiff[] performed a discrete line job that
> was integral to [the purported joint employer's] process of production; (4)
> whether responsibility under the contract[] could pass from one subcontractor to
> another without material changes; (5) the degree to which [the purported joint
> employer] supervised plaintiff['s] work; and (6) whether the plaintiff[] worked
> exclusively or predominantly for [the purported joint employer].

*Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d Cir. 2003) (citing *Rutherford Food Corp.*

*v. McComb*, 331 U.S. 722, 724-25, 30 (1947)).

Here, several facts relevant to the joint employment determination are disputed and

preclude summary judgment.  For example, the parties dispute (1) the degree of control WSP

exercises over HSE workers; (2) whether Ford was trained at the expense of WSP or QPS;

(3) whether WSP or QPS determined Ford's schedule; (4) the degree to which Ford interacted

with WSP employees, apart from his daily email of field notes; and (5) whether, at the time Ford

was compensated, WSP had knowledge that Ford was paid a day rate.  These issues are relevant

to whether WSP was a joint employer and, relatedly, whether WSP recklessly ignored its FLSA

obligations as a joint employer.  Accordingly, Defendant's motion for summary judgment on the

issue of willfulness is denied.  *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)

("Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit . . .") (internal quotation marks omitted).

## III.     MOTION FOR CONDITIONAL CERTIFICATION OF A FLSA COLLECTIVE

### A.     Additional Background in Support of Plaintiff's Motion for Conditional Certification

Plaintiff seeks to certify conditionally a collective of HSE workers who received a flat day rate for each day worked, regardless of hours worked; were required or permitted to work overtime without receiving compensation; worked for WSP during the past three years; were mischaracterized as "independent contractors"; and were never guaranteed a salary.  For the reasons outlined below, the following collective is conditionally certified:  HSE workers who *were hired by QPS*; received a flat day rate for each day worked, regardless of hours worked; were required or permitted to work overtime without receiving compensation; worked for WSP during the past three years; were mischaracterized as "independent contractors"; and were never guaranteed a salary.

In support of the motion for conditional certification, Plaintiff filed the Declaration of Richard M. Schreiber (the "Schreiber Declaration"), which includes additional facts summarized below.

During the past three years, WSP employed 163 HSE workers by contracting with six staffing companies, including QPS, for HSE services at a set rate.  These individuals worked on approximately twenty to forty projects in the Southeastern United States.  HSE workers provide the same services for WSP, regardless of which staffing company hired them.

QPS invoiced WSP a flat day-rate for each of its HSE workers, including but not limited to Ford.  During her deposition, Patricia Brush, the HSE Vice President for the U.S. Energy

Market sector of WSP, testified that all HSE staffing companies "invoice for the *time* that is spent on each project," (emphasis added) and "invoice[] for each day." She did not clarify whether all staffing companies invoice a flat rate for each day.

### B. Standard

The FLSA authorizes employees to bring a collective action on "behalf of . . . themselves and other employees similarly situated" who "consent in writing" to join the action. 29 U.S.C. § 216(b). Although the Second Circuit has never offered a definitive standard for the conditional certification of collective action under the FLSA, it has endorsed a widely accepted two-step approach. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) ("[T]he district courts of this Circuit appear to have coalesced around a two-step method . . . which . . . we think is sensible."); *accord Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citing *Myers* for the two-step process to certify FLSA collective actions).

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. The second step, typically taken upon the completion of discovery, requires the court to determine, "on a fuller record . . . whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* "The action may be 'de-certified' if the record reveals they are not . . . ." *Id.*

At the first step, to establish that he is "similarly situated" to potential opt-in plaintiffs, the named plaintiff must "make a modest factual showing that [he] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (internal quotation marks omitted); *accord Mercado v. Metropolitan Transp. Auth.*, No. 20 Civ. 6533, 2021 WL

2593462, at *2 (S.D.N.Y. June 24, 2021).  "The modest factual showing cannot be satisfied

simply by unsupported assertions, but it should remain a low standard of proof because the

purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact

exist."  *Myers*, 624 F.3d at 555 (internal quotation marks and citations omitted).  The evidentiary

burden may be satisfied by "relying on plaintiff's own pleadings, affidavits, declarations, or the

affidavits and declarations of other potential [collective] members."  *Kwan v. Sahara Dreams*

*Co. II Inc.*, No. 17 Civ. 4058, 2021 WL 2843100, at *2 (S.D.N.Y. July 7, 2021) (internal citation

and quotation marks omitted).  "Evidence submitted by defendants disputing the facts alleged by

plaintiffs do not undermine the 'modest factual showing' that plaintiffs are required to show at

this stage of the litigation."  *Perez v. La Abundancia Bakery & Rest. Inc.*, No. 17 Civ. 656, 2017

WL 3382068, at *5 (E.D.N.Y. Aug. 4, 2017).  This is "a low standard of proof," and "[i]f the

Court determines that 'similarly situated' employees exist, it will conditionally certify the

collective and order that appropriate notice be given to members of the FLSA collective to afford

them the opportunity to opt into the action."  *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021

WL 1750370, at *4 (S.D.N.Y. May 4, 2021) (internal quotation marks, citations and alterations

omitted).[2]

    **C.**    **Discussion**

       For the purpose of conditional certification, Plaintiff is similarly situated to other QPS-

hired HSE workers.  Plaintiff has made a modest factual showing that WSP could be a joint

employer of both Plaintiff and other HSE day-rate workers, for whom WSP set the number of

hours worked and approved time sheets.  Plaintiff has also made a modest factual showing that

---

[2] Defendant contends that a "modest plus" standard should apply because the parties have completed discovery.  Because the application of a more stringent standard would not change the outcome under these circumstances, the Court declines to adopt such a standard.

QPS-hired HSE workers were paid a flat day rate, regardless of the number of hours worked. *See Ruiz v. Truffa Pizzeria & Wine Room Corp.*, No. 20 Civ. 8645, 2021 WL 568249, at *4 (S.D.N.Y. Feb. 15, 2021) (conditionally certifying a FLSA collective where workers were uniformly paid a flat rate with no overtime).

Plaintiff has not provided any evidence that the remaining five HSE staffing companies besides QPS implemented similar pay policies and paid HSE workers a flat day rate without overtime compensation. With respect to how these companies invoice WSP (not how these companies pay their employees), Ms. Brush testified that HSE staffing companies "invoice for the *time* that is spent on each project." The record does not include any sample invoices or testimony specifically regarding companies other than QPS and whether those companies applied a flat rate. In addition, the record does not include any evidence of how HSE staffing companies other than QPS pay their employees (though employee payment is likely related to the manner in which each company bills WSP). Accordingly, the conditionally certified collective is limited to QPS-hired HSE workers. *See Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 483 (S.D.N.Y. 2016) (declining to conditionally certify a class of workers employed by various IT vendors where the plaintiffs had not made a factual showing that each "IT vendor had a corresponding compensation scheme that treated . . . nonbillable work as uncompensated work").

Plaintiff's proposed notices are approved with all of Defendant's proposed modifications, except Defendant's proposed changes to the timeframe for collective membership. Plaintiff has proposed sixty-day notices to send to potential collective members and post at WSP project locations. Defendant has provided proposed modifications to those notices. "The FLSA does not guarantee an initiating plaintiff a right to obtain a court-ordered notice to potential opt-ins;

rather, district courts have discretion to implement § 216(b) by facilitating notice." *Mercado*,
2021 WL 2593462, at *1 (citing *Myers*, 624 F.3d at 554).  The details of notice pursuant to
§ 216(b) are left to the discretion of district courts.  *Mercado*, 2021 WL 2593462, at *3.

      Plaintiff's proposed means of distributing notice are approved and Plaintiff may follow
up with a phone call if all forms of notice to a single individual are returned as undeliverable.
Plaintiff seeks to send notice by mail, email and text message and provides a script for follow-up
telephone calls if email is returned as undeliverable.  Courts in this district have approved notice
by mail, email and text message given the broad remedial purpose of the FLSA.  *Mota v. Intern
Connection Electric, Inc.*, No. 20 Civ. 7530, 2021 WL 3188336, at *2 (S.D.N.Y July 28, 2021)
(permitting distribution of notice by mail, email and text message); *Curry v. P&G Auditors &
Consultants, LLC*, No. 20 Civ. 6985, 2021 WL 2414968, at *13 (S.D.N.Y. June 14, 2021)
(same); *Yi Mei Ke v. JR Sushi 2 Inc.*, No. 19 Civ. 7332, 2021 WL 148751, at *14 (S.D.N.Y. Jan.
15, 2021) (permitting distribution of notice by mail, email, text message and social media chat).
Accordingly, Plaintiff may send notice by mail, email and text message.  In addition, Plaintiff
may follow up with a telephone call if all means of distribution are returned as undeliverable and
no forwarding information is provided.[3]

      Plaintiff's request to send a reminder notice is also approved.  Plaintiff seeks leave to
send a reminder notice by the same methods of distribution, and Defendant contends that a
reminder is unnecessary.  "[M]any courts in this district have permitted sending a reminder
notice."  *Curry*, 2021 WL 2414968, at *13 n.11.  This is because "notice under the FLSA is
intended to inform as many potential plaintiffs as possible of the collective action and their right

---

[3] WSP consents to follow up calls that are scripted, but only if all forms of notice are returned as
undeliverable and no forwarding information is provided.

to opt-in." *Gillett v. Zara USA, Inc.*, No. 20 Civ. 3734, 2021 WL 1731836, at *9 (S.D.N.Y. May 3, 2021) (quoting *Chhab v. Darden Rests., Inc.*, No. 11 Civ. 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013)).  In accordance with the reasoning of other courts in this district, Plaintiff may send a reminder notice halfway through the notice period.

The substance of Plaintiff's proposed notices is approved with all of Defendant's proposed modifications, except the time frame for collective membership.  Defendants contend that the collective should be limited to individuals whose claims began accruing during the last two years.  The FLSA has a two-year statute of limitations unless the violation was willful.  29 U.S.C. § 255(a).  Here, the proposed notices contemplate including in the collective individuals with claims that began to accrue "in the last three years."  In situations like this case, "where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action." *Mercado*, 2021 WL 2593462, at *3.  Accordingly, Plaintiff's proposal that the collective include any individual who did not receive overtime during the last three years is adopted.  Defendant's remaining proposed edits serve to avoid legal conclusions in the notices and clarify the nature of collective membership.

WSP shall produce a computer-readable list of the names, last known addresses, social security numbers, telephone numbers, e-mail addresses, work locations and dates of employment for all persons employed by WSP, through QPS, as HSE day-rate workers in the last three years. *See Garcia Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2020 WL 2832776, at *11 (S.D.N.Y. June 1, 2020) (directing defendants "to produce in electronic form all the names, last known addresses, e-mail addresses, and telephone numbers, including cell phone numbers, of employees in the conditionally certified collective"); *Zhongle Chen v. Kicho Corp*., No. 18 Civ. 7413, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020) (directing defendants "to provide the

names, addresses, telephone numbers, email addresses, and dates of employment of potential

collective action members to Plaintiff's counsel within fourteen (14) days . . .").

Plaintiff seeks equitable tolling of the FLSA statute of limitations "until such time that

they are able to send notice to potential opt-in plaintiffs."  Plaintiff has not clearly specified the

time at which he believes tolling should begin.  "Equitable tolling is considered a drastic remedy

applicable only in rare and exceptional circumstances."  *See A.Q.C. ex rel. Castillo v. United*

*States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted); *accord Zhongle*

*Chen*, 2020 WL 1900582, at *12.  "The delay caused by the time required for a court to rule on a

motion, such as one for certification of a collective action in a FLSA case, may be deemed an

extraordinary circumstance justifying application of the equitable tolling doctrine."  *Mota*, 2021

WL 3188336, at *2.  Plaintiff's motion for conditional certification was delayed by the parties'

willingness to participate in settlement conferences before the Court, as well as the time required

to resolve this motion.  To avoid prejudice to actual or potential opt-in plaintiffs, Plaintiff's

request for equitable tolling is granted in part and the FLSA statute of limitations is tolled from

March 26, 2021, the date on which Plaintiff filed his motion for conditional certification, to the

date of this Opinion and Order.  Tolling is not extended throughout the notice period because

Plaintiff has not demonstrated that extraordinary circumstances warrant tolling during that time.

*See Zhongle Chen*, 2020 WL 1900582, at *13 (declining to apply equitable tolling during a

notice period and explaining that opt-in plaintiff delay is not an extraordinary concern, "rather, it

is a common issue present in litigation").

## IV.     CONCLUSION

For the reasons stated above, WSP's motion for partial summary judgment is DENIED

and Plaintiff's motion for conditional certification of a FLSA collective is GRANTED.  By

October 21, 2021, the parties shall file a joint letter proposing next steps and related deadlines, including deadlines for production of HSE worker contact information, dissemination of notice, the opt-in deadline, any necessary discovery regarding any opt-in Plaintiffs and any motion to certify a FLSA collective.  The Clerk of Court is respectfully directed to close the motions at Docket Nos. 74 and 80.

Dated:  October 14, 2021
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE