UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HAROLD FORD, et al.,                                        :
                                  Plaintiffs,               :
                                                            :          19 Civ. 11705 (LGS)
            -against-                                       :
                                                            :                 ORDER
WSP USA, INC.,                                              :
                                  Defendant.                :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 1, 2022, the parties filed their joint letter and settlement agreement, but did not include contemporaneous time records or a breakdown of Plaintiffs' counsel's expenses. (Dkt. No. 106.)

WHEREAS, on August 15, 2022, Plaintiffs' counsel filed a supplemental letter to justify their request for attorneys' fees, including contemporaneous time records and a breakdown of Plaintiffs' counsel's fees. (Dkt. No. 108.) It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

**ORDERED** that Plaintiffs' counsel's request for $48,750.00 inclusive of costs, is **GRANTED**. This amount is approximately forty percent of the lodestar calculation and approximately one-half of the settlement. The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.

*See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011).  The remainder of the settlement shall be distributed to Plaintiffs.

The Clerk of Court is respectfully directed to close this case.

Dated: August 22, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2